My last case this morning is Nora Lewis v. Secretary of Veterans Affairs, 2023-12-98. Mr. Raven, when you're ready. Thank you, Your Honor. I apologize for my voice this morning. That's all right. Some of us have the same problem. May it please the Court. Sean Raven for the veteran, Nora Lewis. And this is an appeal regarding a regulation from the Department of Veterans Affairs. And the regulation is 38 CFR 3.344. Your argument is that the 2016, I guess, decision of the Board is void ab initio, correct? The argument is that the initial rating reduction is void ab initio, so the Board has nothing that it can cure. I'm sorry, the decision of the IRL is void ab initio. Yes. Now, let me ask you this. We had before us a March 22, 2021 decision of the Board. Correct. And that's what went up before the Veterans Court, and now it's on appeal to us. Assuming for the moment that the 2016 IRL decision had in it what's in the 2021 Board decision, would you be making the argument that that IRL decision is void ab initio? I'm not sure if I'm understanding the question correctly. Well, I'm sorry, it's convoluted. You have the 2016 IRL decision. Correct. You say that decision is void because it does not address the items that had to be addressed in 3.344, correct? That's correct. Now, then looking at the Board decision from 2021 after the two Board of Remands, if that was the decision that had been decided in 2016, in other words, if the 2016 IRL decision read as the 2021 Board decision reads, would you be saying that the 2016 IRL decision is void ab initio? Yes, we would, but that wasn't the argument that was made down below. I think I know where you're going with this. I think that you're going to say that the Board's decision subsumes the IRL rating decision. No, I'm not saying that. Assuming that the IRL had said in 2016 what the Board said in 2021, in other words, if it was the exact same decision, would you be saying that that IRL decision was void ab initio? Yes. Why? Because it talks about, at pages 32 and 33 of the appendix, we have a discussion of the course of life events that are referenced in 3.344. It seems to be a very complete decision, and I'm wondering how, if the Board had said all that in 2016, you would say it's void. I would say it's void because it doesn't consider later, as the two remands show, it didn't consider later evidence that came in that demonstrated that Mr. Lewis had psychiatric symptoms of suicidal ideation. And that was the purpose for those two prior remands, to show that the rating decision that was made in 2016 didn't have that evidence. Had the Board's decision been complete, and had the Board's decision included that, then there wouldn't have been any basis for the parties to agree to two remands. You see that that 2021 Board decision is very complete. It talks about all of the various examinations going back to 2010 and through 2016. Even if you believe that the most recent Board decision, which was on appeal to the Veterans Court, satisfied all the regulations for a rating reduction, the problem is that under the regulation, under 3.344, the rating decision, and under 3.105e, the rating decision itself has to have that information in it. And when it doesn't, when the Board reviews it or not. That's what I'm saying. I understand your argument. But what I'm saying is, you're saying basically, if the 2021 decision doesn't help because it's not the Board decision, it's not the R.L. decision. Correct. But I'm saying if the R.L. had said in 2016 what the Board said in 2021, you might disagree with the merits. Would you say it's void ab initio? You could have a quibble with whether it got it right or wrong, but I don't see how you have your void ab initio argument because it seems everything was addressed. Well, I would respectfully disagree. But if you see that the Board's decision contained all that information, and the rating decision did not contain that information, if you were to switch them, then you might find or believe that that rating decision shouldn't be void ab initio because it complies with all the requirements of 3.105e and 3.344a. But the argument is that because the rating decision doesn't contain that information, the Board can't cure that. The Board is looking to see whether or not the rating reduction was done in accordance with law. If the rating reduction wasn't done in accordance with law, then that rating decision is void. It can't cure it. It can't correct it, which is a big difference from other cases like an increased rating claim for veterans because in increased rating claims or service collection claims, normally Board decisions subsume the regional office decisions under the de novo review. So I see this word all the time, but I don't understand what the word subsume means. It takes the place of. It's as if the regional office decision is completely gone. It's void. It doesn't exist anymore. The Board, even though it. So subsume means displaces. I respectfully would say that, to take the place of. Okay. So the Board of Veterans' Appeals, even though it's the Veterans of Appeals, it actually has de novo review. And that's what the Secretary's argument is, is that when the Board makes a decision, it subsumes the RO's decision. But the appellant's argument is that the rating decision has to contain this information. It has to follow the procedures. And that when the Board reviews the regional office decision, it determines whether or not the regional office decision complied with all the procedural and substantive requirements of reducing a veteran's rating. So does the Board have the authority to say, let's suppose it says, oh, I look at the rating decision. The rating decision didn't address an issue. That's a violation of 3.105E, because the rating agency actually has to address every material fact, and 3.344 makes a particular fact material, and so the RO made a mistake. Does the Board have the authority to say, but we're looking at all of the evidence that was in front of the RO, and it is clear to us, as de novo fact finders, that that particular fact required by 3.344 was in fact met, and therefore to say, so the RO's procedural mistake is of no consequence. We're not going to avoid what the RO did and say start over with, you know, because it's now three years later because it takes a long time to get to a Board decision, and the reduction is going to have to be reversed. And for that three-year period, it goes back up to 70 instead of down to 30, and even though we think, in fact, the reduction is correct. So the procedural, to answer your question, the procedural safeguards were put in place for veterans. Veterans have a tremendous benefit. Standards are very reduced for them. When the Board notices that a rating decision does not comply with law, does not comply with the law, it has no choice but to find that that rating decision reducing the disability rating is void ab initio. It doesn't exist. It didn't follow the procedural or substantive safeguards meant to give veterans the opportunity of due process of law, of notice of the information evidence that's going to be used to reduce the disability ratings and the opportunity to respond to that. That was 3.105E and 3.344. That's the purpose. It's procedural due process. So when the Board sees the evidence and says, well, the rating decision is wrong. The rating decision didn't contain all the information. The Board can't cure that by saying, well, here's what we find different about the Board. Here's what we find differently, and here's why even though we have a different basis for defining reduction. Is there some either statutory or regulatory provision in support of what you just said was a constraint on what the Board can do? Procedural mistakes are very commonly treated as harmless. This is a case of first impression. And as such, it relies upon the case law that's presidential from the Veterans Court, Kitchens, Brown v. Brown. In Kitchens, there was a decision of the Veterans Court reviewing the Board decision. And in Kitchens, the Veterans Court said the Board's decision didn't do it. It's not really what we have here. So the Veterans Court only reviews Board decisions. It doesn't review regional office decisions. So when reviewing the Board decisions, we look at 7104D under 38 U.S.C., which is the reasons or basis requirement for a Board decision to contain reasons or basis. And what the Secretary is arguing is that under 7104D, the Board has to provide reasons or basis to show that rating reductions were done in accordance with law. But the regulation still applies to regional offices, and regional offices have to issue rating decisions that comply with the laws. One question. I know you're in your rebuttal a little bit.  But it's undisputed, isn't it, that the Board did not consider any evidence that had not been before the RL? There's no question of improperly considering new evidence. Actually, I would dispute that, and I see my time is almost up. But just really quickly, the basis of the two remands that the Board didn't consider, the mental examination showing suicidal ideation, demonstrates that the Board is considering evidence that the regional office didn't. That's the key to this, is that the two joint motions for remand showed that the Board didn't discuss this, because this was evidence. But this is between discussing it and having it before. I'm sorry, you're right. In that case, then you're right. Then the Board didn't raise any evidence that was after the rating decision, the day of the rating decision. That was what I was getting at. We will serve the rest of your time. Mr. Messer. Thank you, and may it please the Court. The dispositive regulation here is not 38 CFR 3.344, but 38 CFR 20.1104. That's the regulation that says a Board decision subsumes any prior decision of the VA. 20. what? 20.1104. What does that so mean? It includes and becomes? So it replaces the prior decision. Obviously, the original decision of the RO is still within the record. It isn't expunged, necessarily. But the actual decisional document and the reasoning and description and fact-finding, the Board document replaces whatever had come before. And it's a basic principle of administrative law. VA has a much more thoroughly developed process than many agencies. But at any agency, if you have an initial decision by some decision-maker within the agency, and then an individual who's affected by that decision requests further review or appeal, whether to the administrative head or somebody the agency has set up, that is still internal to the agency. It's still internal to the agency's decision-making process. And the Board's decision is the culmination of VA's decision-making process on every issue that a claimant might raise before VA. That's why the Veterans Court only has jurisdiction to review Board decisions. So let me just tell you, I guess, what is bothering me. It seems to me that 3.105E expressly says that the rating agency, that's the regional office, has to make certain findings and document things that are material. 3.344 says some things are material. On the facts here, the RO did not make a finding about one of those facts. That's a violation. Now the question is, why is that not remedial? In the meantime, right, between 2016, when the reduction is made, and ultimately, what, 2021, when the Board decides, the benefits have actually been reduced, right? Yes, sir. It seems not in keeping with what the point of the special rules for reducing ratings are designed to do, to say, well, for five years, you know, you're going to have to wait. You're going to have to live on less. We'll give you the money back if it turns out that you're right about it. But that's, there's a reason for this special, these special burdens in 3.105 and 3.344. So it seems odd to say under the general rule 1104 of the Board, with this word subsumed, that we then ignore what the rating agency did. So I think there are two answers to that, Your Honor. The first answer from a textual basis, the regulations about rating reductions are not unique in assigning certain tasks to the rating agency. We didn't provide a full laundry list in our briefing, but there are many decisions where, or many issues where the regulations specifically say the rating agency itself. If I do a search in the code, it comes up, I forget what, 20 times. There are many instances. Right. It's not unusual. And that means the agency of original jurisdiction, that doesn't mean the Board, right? That's correct. Okay. And even if it included the Board, it would still include the first level. That's correct, Your Honor. And so this, again, it's just the way VA system is set up on every issue. On issues where VA has the initial burden or issues where the claimant has the initial burden, there's always some office within VA that's assigned as the agency of original jurisdiction to develop the record, to make initial findings, and to make an initial decision. Okay. So why does it not matter that there was a mistake in the reduction decision that lasted for five years, just because the Board later said, had you addressed, I don't know if the Board quite said this, but how do you overlook that mistake? So the first thing I would say to that, Your Honor, is that the mistake here I think is fairly characterized as procedural, as Your Honor was suggesting earlier. It's not the case that there was a failure to address a material piece of evidence or there was an evaluation of improper evidence, anything like that. The only issue was a failure to recite in the decision document as much detail. Well, failure to make a particular finding. In the decision document itself, we don't disagree. There was a failure to describe the particular facts that were supporting the reduction. But I will say in response, I think, to some of Mr. Lewis's arguments about due process and fairness here, all of the evidence was before the RO. There is no new evidence that was being considered. The additional information he was referencing about suicidal ideation or failure to consider, that was all submitted by the veteran, right? There's nothing that VA itself came up with between the RO decision and the Board decision. So from a fairness perspective, none of those issues are implicated here. The question is simply, did the RO decision itself fairly document the extent of evidence that was in the record? And the Board recognized it perhaps did not. But it is the Board's job expressly in the regulations and in the statutes to do that work, right? The Board has de novo fact-finding authority. Now, the Board is limited to some extent. It can't go and develop new evidence that wasn't before the RO. It can't evaluate issues that had not been presented below. But the Board is empowered for precisely this reason, to make de novo findings of fact based upon the record that the RO itself developed and any additional evidence that the veteran themselves would like to present to the Board, as Mr. Lewis did here. And the de novo process, again, is meant to fully replace the original decision. And that's true of every decision that VA makes. And I want to emphasize this point because there's no real way, I think, to cabin the argument that Mr. Lewis is making strictly to rating reductions. The argument is based upon the regulatory language that says the rating agency shall make these findings. But as I think we all agree, that's true of many, many, many findings that VA makes. And in all of those, the Board has the power and authority, and I think the obligation, to make de novo fact findings and make the right decision when an issue reaches it and not simply remand in perpetuity back to the RO, which is, I think, essentially what this argument would require. Well, I'm not quite sure it requires that. I mean, it's one thing to say we can make de novo findings. It's another thing to say when there's a rule put in place specifically to make sure that a particular kind of agency, rating agency action, namely reducing the money that's coming in that the veteran is depending on, that that one actually had better be complied with before the actual reduction occurs. So it wouldn't encompass every kind of Board reconsideration of whether the RO was right in, you know, putting an initial rating on something. And just to resist that, Connor, I don't know that there's a way to distinguish those two points based upon the framing that Mr. Lewis has provided. His argument is because 3.344 says the rating agency must make these findings. Therefore, if the rating agency doesn't, then the finding and the decision is ineffective. And the Board's subsequent decision cannot fix that. That argument is not limited to rating reduction issues. That logic would apply to everything, any decision that is assigned to a rating agency in the first instance that would have to be made if it is defective in some way. And that's including decisions beneficial to veterans. If that decision were defective in some way, then under that logic, the Board can't fix it. And the Board cannot do what it is explicitly empowered to do under statute and regulation, which is to make a new decision that subsumes the prior decision, to re-review all of the evidence in the record, make new findings of fact, and render a new decision that replaces the old one. That's exactly what the Board is empowered to do. And there's nothing within the actual text of the regulations or the statutes here that suggests why the argument that because the rating agency is the one empowered to do it in the first instance means the Board can't do it would be limited to rating reductions. It would apply to everything. It would upend the entire system. Anything further? Just reviewing my notes for a second here. I don't think we had any other points unless the Court has any other questions. Thank you, Mr. Wilson. Mr. Rogan has some rebuttals on. I would respectfully disagree strongly with my colleagues' idea that rating reduction decisions are not special. There are specific regulations, 3.105E, 3.344A, which specifically apply to rating reduction cases. When they are not complied with, when the Secretary doesn't follow the rule of law, the rating decision is void. It cannot be cured by the Board of Veterans' Appeals. We would respectfully request that the Court reverse the Veterans' Court. Thank you. Thank you, Mr. Hibbert. Your argument in the case is submitted. That concludes today's arguments.